**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| TERRI KARP, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> FINANCIAL RECOVERY SERVICES, INC., § <br> § <br> Defendant. § | No.  1:12-cv-00985 |

## PLAINTIFF'S COMPLAINT

TERRI KARP ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., alleges the following against FINANCIAL RECOVERY SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on Texas Statute, Financial Code, § 392.302 *et seq*. ("Texas Financial Code").

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Texas establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

6. Plaintiff is a natural person residing in Fredericksburg, Gillespie County, Texas.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and Texas Financial Code § 392.001(1).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Texas Financial Code § 392.001(2).

9. Defendant is a business entity with an office located in Edina, Minnesota.

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Financial Code § 392.001(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. Defendant contacts Plaintiff attempting to collect a debt on behalf of First Bank Card Center.

13. The debt arises from transactions which were for personal, family and household purposes.

14. In its collection attempts, Defendant mailed Plaintiff collection letters and placed telephone calls to Plaintiff.

15. Defendant's collection calls were placed to Plaintiff at her place of employment.

16. On or around September 12, 2012, Plaintiff answered Defendant's call and spoke with Defendant's employee, an individual identifying herself as Cindy Evenstad ("Evenstad").

17. Plaintiff informed Evenstad that she cannot receive phone calls at work, thus advising Defendant that calls to her place of employment must stop.

18. However, on or around September 13 or September 14, 2012, Defendant again called Plaintiff at her place of employment, and Plaintiff again asked Defendant to stop calling her at her

place of employment.

19. On or around September 19, 2012, Evanstad called Plaintiff at her place of employment again, and Plaintiff again informed her that she is not allowed to receive phone calls at work.

20. Defendant called the next day, on or around September 20, 2012, but Plaintiff was unable to answer this telephone call.

21. Plaintiff received another telephone call form Defendant at her place of employment on or aound September 25, 2012, and spoke to Evenstad again.  Plaintiff again explained to Evenstad that she cannot receive telephone calls at her work.

22. Evenstad informed Plaintiff that she will remove Plaintiff's work number only if certain conditions were met.

23. Plaintiff was harassed by Defendant's constant telephone calls to her place of employment and attempted to terminate the calls to work.

24. Defendant is placing Plaintiff's employment at jeopardy by repeatedly calling her at work despite Plaintiff's repeated instruction that she is not allowed to receive Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

25. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692c(a)(3) of the FDCPA by calling Plaintiff at her place of employment when Defendant knew or should have known that Plaintiff's employer prohibits the calls.

   b. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is harassing and annoying.

WHEREFORE, Plaintiff, TERRI KARP, respectfully requests judgment be entered against Defendant, FINANCIAL RECOVERY SERVICES, INC., for the following:

26. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

27. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

29. Any other relief that this Honorable Court deems appropriate.

### COUNT II:
### DEFENDANT VIOLATED
### THE TEXAS FINANCIAL CODE

30. Defendant violated Texas Financial Code based on, but not limited to, the following:

   a. Defendant violated § 392.302(4) of the Financial Code by making repeated telephone calls to Plaintiff at her place of employment with intent to harass Plaintiff; and

WHEREFORE, Plaintiff, TERRI KARP, respectfully requests judgment be entered against Defendant, FINANCIAL RECOVERY SERVICES, INC., for the following:

31. Actual damages pursuant to Texas Financial Code § 392.403(a)(2).

32. Costs and reasonable attorneys' fees pursuant to Texas Financial Code § 392.403(b).

33. Any other relief that this Court deems appropriate.

Dated: October 24, 2012        RESPECTFULLY SUBMITTED,

                                    KROHN & MOSS, LTD.

                                By:  /s/  Douglas Baek

                                    Douglas Baek
                                    Krohn & Moss, Ltd.
                                    10474 Santa Monica Blvd., Suite 401
                                    Los Angeles, CA 90025
                                    Tel: 323-988-2400 x244
                                    Fax: 866-829-5083
                                    dbaek@consumerlawcenter.com
                                    Attorney for Plaintiff